UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

In re:

Anna May Pierce,

    Debtor

Case No.: 14-18115-mdc
Chapter: 13

### SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is between Anna May Pierce (the "Debtor") and Nationstar Mortgage LLC d/b/a Mr. Cooper (the "Secured Creditor") (collectively, the "Parties"). The Parties have agreed to enter into an Agreement as outlined below.

1.    The parties agree that Secured Creditor made post-petition advances for payment on property taxes and insurance from October 9, 2014 through July 30, 2018 in the amount of $31,281.56 (the "Advances") on the real property located at 139 S. Eagle Road, Havertown, PA 19083 (the "Property").

2.    The Debtor is making all payments for principal and interest to the Chapter 13 Trustee, and the case is nearing discharge. However, Secured Creditor's lien against the Property shall remain in full force and effect until the Advances have been repaid in full.

3.    In order to settle the advancement of escrows, the Debtor agrees to remit payment of $31,281.56. The Debtor shall begin making monthly payments to Secured Creditor on December 1, 2018 in the amount of $529.36. The monthly payment was calculated by $31,281.56 over 60 months with 0% interest.

4.    Upon the Debtor's Plan completion and receipt of discharge, the remaining balance owed on the settlement shall be capitalized to an unpaid principal balance, in addition to

any remaining principal balance remaining to be paid through the Debtor's confirmed Chapter 13 plan.

5. During the pendency of the bankruptcy case, the payment shall be made to McCalla Raymer Leibert Pierce, LLC, Attention: Ashley Prager Popowitz, Esq., 110 Se 6th Street # 2400, Fort Lauderdale, FL 33301. After discharge the monthly statements will resume, and the monthly payments shall be made directly to Secured Creditor.

6. Secured Creditor shall de-escrow for property taxes. The Debtor shall be responsible to maintain payment for property taxes. In the event the Debtor does not remit payment, Secured Creditor shall remit payment and seek reimbursement from the Debtor. Any sum advanced in this scenario will be added to the interest-bearing Advances balance.

7. The Debtor is responsible to maintain insurance on the real property until the balance is paid in full. The Debtor will be responsible to purchase an insurance policy, and provide Secured Creditor with proof of insurance. In the event the Debtor does not purchase property insurance, Secured Creditor is permitted to purchase Lender Placed Insurance and seek reimbursement from the Debtor.

8. The Debtor opts-out of the monthly statements pursuant to the CFBP. In the event a monthly statement is received, it will not reflect the settlement terms until discharge.

9. In the event of a default, Secured Creditor shall proceed with available in rem options.

10. All remaining terms of the mortgage/note remain in full force and effect.

DATED: 12/18/2018

/s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorneys for Secured Creditor
KML Law Group, P.C.
Suite 5000
BNY Mellon Independence Center
701 Market Street
Philadelphia, PA 19106-1532
kmcdonald@kmllawgroup.com

DATED: 12/26/18

Stephen V. Bottiglieri
Attorney for Debtor
66 Euclid Street, Suite C
Woodbury, NJ 08096
Phone: (888) 793-0373
steve@bottiglierilaw.com